United States District Court
Southern District of Texas

**ENTERED**

May 16, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAE TOWERS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-22-1004 |
| TRANSDESIGN INTERNATIONAL LLC, | § | |
| AMADO LIZARRAGA, CLAUS SUTOR, | § | |
| JOSÉ SALOMÓN-RODRIGUEZ, and | § | |
| DAVID TORRES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, SAE Towers Ltd. ("Plaintiff"), removed this action from the 457th Judicial District Court of Montgomery County, Texas, on March 28, 2022.[1]  On April 5, 2022, Defendants TransDesign International LLC, Amado Lizarraga, and Claus Sutor (collectively, "TransDesign") filed TransDesign Defendants' Second Motion to Remand ("Second Motion to Remand") (Docket Entry No. 6).  For reasons stated below, the Second Motion to Remand will be granted.

### I.   Factual Allegations and Procedural Background

On September 1, 2017, Plaintiff filed its Application for Temporary Restraining Order, Temporary Injunction, Permanent

---

[1]Plaintiff's Notice of Removal ("Second Notice of Removal"), Docket Entry No. 1.  For identification purposes, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

Injunction, and Petition for Damages in Montgomery County, Texas.[2]
The petition alleged that TransDesign was using Plaintiff's
proprietary software without Plaintiff's consent, that
TransDesign's misappropriation of the software had caused Plaintiff
to lose a prospective client, and that Plaintiff had suffered
irreparable damage.[3]   The petition alleged causes of action for
common law misappropriation of trade secrets as well as statutory
misappropriation of trade secrets under the Texas Uniform Trade
Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.[4]

Plaintiff litigated the matter in state court for nearly four
years,[5] filing six petitions;[6] seeking a temporary restraining
order,[7] a temporary injunction,[8] and continuances of trial;[9] and

---

[2]Application for Temporary Restraining Order and Temporary
Injunction to Maintain Status Quo, Permanent Injunction, and
Petition for Damages, Exhibit 7 to Second Motion to Remand, Docket
Entry No. 6-7, p. 2.

[3]Id. at 5-16 ¶¶ 11-31.

[4]Id. at 16-17 ¶¶ 32-33.

[5]Memorandum Opinion and Order Remanding Case ("First Remand
Order"), Exhibit 1 to Second Motion to Remand, Docket Entry
No. 6-1, p. 2.

[6]Second Notice of Removal, Docket Entry No. 1, p. 2.

[7]Id. at 1.

[8]Order Setting Show Cause Hearing for Temporary Injunction
(State Court Filings), Exhibit A to Second Notice of Removal,
Docket Entry No. 1-1, p. 12.

[9]Order Granting Agreed Motion for Continuance of July 20, 2020
Trial Setting and Request for New Docket Control Order (State Court
Filings), Exhibit A to Second Notice of Removal, Docket Entry
(continued...)

-2-

obtaining a settlement and dismissal with prejudice against defendant Falcon Steel America, LLC.[10] In December of 2020 the state court issued a docket control order setting trial for September 7, 2021.[11]

On March 16, 2021, the state court granted a motion for sanctions and motion to compel discovery filed by TransDesign, imposing sanctions of $10,000 on Plaintiff for Plaintiff's failure to comply with court orders and discovery obligations.[12] The state court ordered Plaintiff to "produce to TransDesign all documents in its possession, custody, or control that are responsive to TransDesign's Fifth Set of Requests for Production (Nos. 75-92)" within ten calendar days of the order.[13] The court stated that it "[would] consider the imposition of 'death penalty' sanctions" against Plaintiff if Plaintiff failed to timely comply with these discovery obligations.[14] Although Plaintiff produced some documents

---

(...continued)
No. 1-1, pp. 176-77; Register of Actions — Events & Orders of the Court, Exhibit B to Second Notice of Removal, Docket Entry No. 1-2, p. 5.

[10]Order of Dismissal (State Court Filings), Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 215.

[11]Docket Control Order of December 22, 2020 (State Court Filings), Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 218.

[12]Order Granting TransDesign's Motion for Sanctions and Motion to Compel, Exhibit 5A to Second Motion to Remand, Docket Entry No. 6-5, p. 24.

[13]Id. at 25-26.

[14]Id. at 26.

by the deadline, TransDesign argued that the production was inadequate and filed another motion for sanctions on April 6, 2021.[15]  A hearing on that motion was set for April 23, 2021.[16]

But on April 9, 2021, two weeks before the hearing on "death penalty" sanctions, Plaintiff amended its state-court pleading to add two new claims:  (1) a claim seeking "a declaration that [Plaintiff's] trade secret rights and claims related thereto are not preempted by the Copyright Act[,]" found at 17 U.S.C. §§ 101, et seq.;[17] and (2) a claim under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836.[18]  Plaintiff used these claims as bases to remove the action to federal court.[19]  On March 28, 2022, Judge George C. Hanks, Jr. remanded the action to state court, concluding that neither of Plaintiff's purported federal claims supported removal under 28 U.S.C. § 1454.[20]

---

[15]The motion itself is not part of the record for this case, but these facts are set out in the First Remand Order, Exhibit 1 to Second Motion to Remand, Docket Entry No. 6-1, p. 3.

[16]Id.

[17]This petition is not part of the record for this action, but can be found in the record for Case No. 4:21-cv-1207, where it is cited as the Fifth Amended Application for Permanent Injunction and Petition for Declaratory Relief and Damages ("Fifth Amended Petition"), Exhibit A to Plaintiff's Notice of Removal ("First Notice of Removal"), Docket Entry No. 1-1, p. 74 ¶¶ 62-66.  All future references to this document will refer to the same case file, Case No. 4:21-cv-1207.

[18]Id. at 75-76 ¶¶ 69-73.

[19]See First Notice of Removal, Docket Entry No. 1 in Case No. 4:21-cv-1207, pp. 3-4 ¶¶ 6-10.

[20]First Remand Order, Exhibit 1 to Second Motion to Remand, Docket Entry No. 6-1, p. 8.

That same day, March 28, 2022, Plaintiff once again amended its state court pleading, this time adding claims for copyright infringement, and removed to this court on that basis.[21]  At the time of the amendment the controlling docket control order set a deadline of April 12, 2021, for "all amendments and supplements to pleadings[.]"[22]  After filing its Sixth Amended Petition, Plaintiff again removed the case to federal court.[23]

TransDesign filed the pending motion to remand on April 5, 2022.[24]  Plaintiff filed a response on April 26, 2022,[25] TransDesign replied on May 3, 2022,[26] and Plaintiff filed a sur-reply on May 9, 2022.[27]

---

[21]Sixth Amended Application for Permanent Injunction and Petition for Declaratory Relief and Damages ("Sixth Amended Petition") (State Court Filings), Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 40.

[22]See Docket Control Order of December 22, 2020 (State Court Filings), Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 218 (setting trial for September 7, 2021); Amended Docket Control Order (State Court Filings), Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 178 (providing that "[a]ll amendments and supplements to pleadings must be filed" 150 days before trial).

[23]Second Notice of Removal, Docket Entry No. 1.

[24]Second Motion to Remand, Docket Entry No. 6.

[25]Plaintiff's Response in Opposition to Motion for Remand ("Plaintiff's Response"), Docket Entry No. 9.

[26]TransDesign Defendants' Reply in Support of Second Motion to Remand, Docket Entry No. 10.

[27]Plaintiff's Sur-Reply in Opposition to Motion for Remand to Address Issue Raised in Defendants' Reply, Docket Entry No. 13.

## II. **Applicable Law**

Under the general federal removal statutes, only defendants may remove cases from state to federal court. See 28 U.S.C. §§ 1441, 1446. However, under 28 U.S.C. §§ 1454(a) and (b), civil actions "in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights . . . may be removed by any party[,]" not just by defendants.

When a case is removed to federal court, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002). The jurisdictional determination is based on the claims in the state-court pleading as it existed at the time of removal. Id. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. Id.

## III. **Analysis**

### A. **Plaintiff's Sixth Amended Petition Is Not a Basis for Removal**

Trial in this case was set for September 7, 2021,[28] and the deadline for amending pleadings was "150 days before trial"[29] - that

---

[28]Docket Control Order of December 22, 2020 (State Court Filings), Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 218.

[29]Amended Docket Control Order (State Court Filings), Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 178.

-6-

is, April 10, 2021, a Saturday. Because any date that falls on a weekend is moved to the first business day thereafter,[30] the deadline to amend pleadings was April 12, 2021. Both parties have stated that the deadline set by the Amended Docket Control Order fell sometime in the first full week of April of 2021.[31] Plaintiff's Sixth Amended Petition was filed nearly a year after the deadline had expired.[32]

A plaintiff that seeks to amend its pleading after the court-ordered deadline to do so has expired must file a motion for leave, which the court in its discretion may grant or deny. See, e.g., Turner v. GoAuto Insurance Company, No. 22-30103, 2022 WL 1302482, at *1 (5th Cir. May 2, 2022) (holding that an amended complaint was the operative complaint because the Plaintiff "received permission from the Louisiana court to amend his complaint"); G.R.A.V.I.T.Y. Enterprises, Inc. v. Reece Supply Co., 177 S.W.3d 537, 544 (Tex. App.–Dallas 2005, no pet.) (trial court did not abuse its discretion by striking an amended petition that was untimely under court's scheduling order). Plaintiff did not seek leave from the state court to amend its pleading after the deadline.

---

[30]Id.

[31]TransDesign gives the deadline as April 10, 2021 (Second Motion to Remand, Docket Entry No. 6, p. 10). Plaintiff has stated that the deadline was April 9, 2021. (First Notice of Removal, Docket Entry No. 1 in Case No. 4:21-cv-1207, p. 2)

[32]Sixth Amended Petition, Exhibit A to Second Notice of Removal, Docket Entry No. 1-1, p. 40.

Plaintiff contends that because the state court did not explicitly set the amendment deadline as "April 10, 2021," but instead set it for "150 days before trial," the amendment deadline was mooted when the state court's trial setting was canceled.[33] Therefore, Plaintiff contends, it was "was entitled to amend its pleadings as it may desire by filing such pleas with the clerk pursuant to Tex. R. Civ. P. 63."[34] Plaintiff cites no authority for this proposition, and Plaintiff's argument is contradicted by the plain language of the Amended Docket Control Order, which states that "UNLESS OTHERWISE ORDERED BY THE COURT, THE FOREGOING DATES AS CALCULATED FROM THE TRIAL DATE STATED HEREIN REMAIN THE APPLICABLE DEADLINES FOR THIS CASE EVEN IF THE TRIAL DATE IS RESET AND REGARDLESS OF THE REASON FOR ANY RESET."[35]

Moreover, the state court trial setting was canceled because Plaintiff filed its First Notice of Removal on April 13, 2021, which was after the deadline for amending pleadings had passed.[36] Therefore, even if all the state court deadlines were tolled by the first removal, Plaintiff's Sixth Amended Petition would still be untimely.

---

[33]Plaintiff's Response, Docket Entry No. 9, pp. 10-11.

[34]Id. at 11 (internal quotation marks and alterations omitted).

[35]December 22, 2020 Docket Control Order (State Court Filings), Exhibit A to Notice of Removal, Docket Entry No. 1-1, pp. 216, 218.

[36]See First Notice of Removal, Docket Entry No. 1 in Case No. 4:21-cv-1207.

Because the Sixth Amended Petition was not properly part of the state court action, it cannot be a basis for removal. Therefore, the live pleading is Plaintiff's Fifth Amended Petition, which Judge Hanks considered before remanding the case to state court.[37] "As a general rule, once a case is remanded to state court, a defendant is precluded . . . from seeking a second removal on the same ground." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996). Plaintiff cannot rely on the Fifth Amended Petition because a federal district court has already considered and rejected that pleading as a basis for removal. Because the court concludes that removal was improper for this reason, the court need not address TransDesign's other arguments for remand.

## B. The Court Will Not Award Costs and Fees to TransDesign

TransDesign seeks an award of costs and fees "for having to pursue a second remand after [Plaintiff] filed an objectively meritless removal."[38] Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual

---

[37]See First Remand Order, Exhibit 1 to Second Motion to Remand, Docket Entry No. 6-1, p. 7 ("[Plaintiff] argues that it may utilize 28 U.S.C. § 1454 because its newly pled declaratory judgment claim presents a cause of action arising under federal copyright law. . . The Court disagrees, and the Court further notes that [Plaintiff's] other claims do not allow it to use 28 U.S.C. § 1454, either."). See also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996) ("As a general rule, once a case is remanded to state court, a defendant is precluded . . . from seeking a second removal on the same ground.") (emphasis in original).

[38]Second Motion to Remand, Docket Entry No. 6, p. 19.

expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has explained that

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).

Having considered Plaintiff's Second Notice of Removal and the parties' arguments, the court concludes that Plaintiff had an objectively reasonable basis for removal, and the court in its discretion finds that no unusual circumstances exist that would justify awarding fees to TransDesign.

## IV. Order

For the reasons stated above, TransDesign Defendants' Second Motion to Remand (Docket Entry No. 6) is GRANTED, and this action is REMANDED to the 457th Judicial District Court of Montgomery County, Texas. The Clerk will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Montgomery County, Texas.

Each party will bear its own costs.

SIGNED at Houston, Texas, on this the 16th day of May, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-10-